**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DALAWRENCE RAINES** | § | |
| | § | |
| **V.** | § | **A-14-CA-496-SS** |
| | § | |
| **CRAIG SANDLING, M ARIEL PAYAN,** | § | |
| **K.S. LEUTY, MIKE LYNCH, and** | § | |
| **JUDGE WISER**[1] | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, supplement to complaint, and motion to amend complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the McConnell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is serving a 15-year sentence in Cause No. D-1-DC-07-202131 out of the 167th Judicial District Court of Travis County.  Plaintiff sues his trial counsel, Craig Sandling, his appellate counsel, M Ariel Payan, Judge Mike Lynch, Judge Wisser, and K.S. Leuty, the assistant disciplinary

---

[1]  The Court notes the correct spelling of this defendant's name is "Wisser." The Court will use the correct spelling in the body of this Report and Recommendation when referring to Judge Wisser.

counsel for the State Bar of Texas.  Plaintiff claims Sandling and Payan provided ineffective assistance of counsel in his criminal case and appeal.  According to Plaintiff, he filed a grievance against Payan with the State Bar.  Plaintiff alleges he received a response from K.S. Leuty that his grievance did not demonstrate professional misconduct or attorney disability. Plaintiff also complains Judge Lynch set Plaintiff's case for trial when Plaintiff informed him he was pleading not guilty.  Plaintiff alleges Judge Lynch did not allow Plaintiff to talk to his attorney before trial and told Judge Wisser to convict Plaintiff.  Plaintiff further alleges Judge Wisser allegedly sentenced Plaintiff even though he knows Plaintiff is not guilty.  Plaintiff claims Judge Wisser falsely convicted Plaintiff and "said the jurors voted on it."  Plaintiff sues the defendants in their individual capacities for monetary damages and sues the Director of TDCJ for "injunctions."

Plaintiff filed a supplemental complaint adding more details to his claims against Sandling. Shortly thereafter, he filed a motion asking to add Abel Acosta, Clerk of the Court of Criminal Appeals, as a defendant.  Plaintiff claims he received a card from the Court of Criminal Appeals dated February 24, 2014, stating the court was in receipt of a pro se motion.  Plaintiff claims his appeal was dismissed as moot.  Plaintiff also asks to add William Stephens, Director of the Texas Department of Criminal Justice - Correctional Institutions Division, as a defendant.  Plaintiff points out he asked for "injunctions" against this defendant but failed to name Stephens as a defendant in his original complaint.

## DISCUSSION AND ANALYSIS

### A.    Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2).  A motion to amend ordinarily should be

granted absent some justification for refusal. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). However, the district court still retains the discretion to deny leave to amend. A district court acts within that discretion when it denies leave to amend because an amendment would be futile. <u>United States ex rel. Willard v. Humana Health Plan of Tex. Inc.</u>, 336 F.3d 375, 387 (5th Cir. 2003). Amending a complaint is futile when "the proposed amendment ... could not survive a motion to dismiss," <u>Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.</u>, 620 F.3d 465, 468 (5th Cir. 2010), or when "the theory presented in the amendment lacks legal foundation," <u>Jamieson v. Shaw</u>, 772 F.2d 1205, 1208 (5th Cir. 1985).

Plaintiff's motion to amend should be denied. Plaintiff failed to provide the Court with a proposed amended complaint. In addition, adding Abel Acosta and William Stephens to the complaint would be futile. Plaintiff has failed to assert a constitutional claim against either of these individuals.

B.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

Plaintiff's claims against the originally named defendants will be analyzed pursuant to 28 U.S.C. § 1915(e). An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass

3

others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

      C.     State Actors

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. Monroe v. Pape, 365 U.S. 167, 184 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. Dennis v. Sparks, 449 U.S. 24, 27 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826 (1986). Accordingly, Plaintiff's claims brought against Defendants Sandling and Payan are frivolous, because they are not state actors.

D.    Judicial Immunity

Plaintiff's claims against Judge Lynch and Judge Wisser are also frivolous. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. Mireless v. Waco, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Mireless, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Lynch or Judge Wisser that were nonjudicial in nature nor does he show that they were acting in the clear absence of all jurisdiction. Accordingly, Judge Lynch and Judge Wisser are protected by absolute immunity.

E.    State Bar Grievance

Plaintiff's claim against Defendant K.S. Leuty is also frivolous. Plaintiff is simply dissatisfied with Leuty's response to his grievance regarding the performance of Payan. However,

Plaintiff does not possess a federally-protected constitutional right to compel the State Bar of Texas to investigate Plaintiff's grievance against his attorney and to render a decision to his liking. See, e.g., Geiger v. Jowers, 404 F.3d 371, 273-74 (5th Cir. 2005) (holding a prisoner does not have a constitutional right to have his prison grievances resolved to his satisfaction).

F.      Heck v. Humphrey

Moreover, Plaintiff's claims seeking monetary damages against Defendants in their individual capacities for his alleged illegal conviction are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).  In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  Plaintiff's recitation of the procedural history in this case indicates just the opposite.

RECOMMENDATION

It is therefore recommended that Plaintiff's motion to amend [#13] should be denied and Plaintiff's complaint should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

7

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of May, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE