IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 27 AM 9:08
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

DALAWRENCE RAINES #1499674,
Plaintiff,

-vs-                                                    Case No. A-14-CA-496-SS

CRAIG SANDLING, M ARIEL PAYAN, K.S.
LEUTY, MIKE LYNCH, and JUDGE WISSER,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically pro se Plaintiff Dalawrence Raines's § 1983 Complaint [#1]; Raines's Motion to Amend Complaint [#13]; the Report and Recommendation of the United States Magistrate Judge [#18], and Raines's Objections [#21].[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendations and DISMISSING this case as frivolous.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Raines is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.

---

[1] The Court construes Raines's untitled letter received June 11, 2014 as his Objections because Raines references receiving the Magistrate Judge's Report and Recommendation in the letter and has not filed any other documents challenging the R&R.

28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Raines is currently serving a fifteen-year sentence for a conviction out of the 167th Judicial District Court of Travis County, Texas, in Cause Number D-1-DC-07-202131. Raines has sued his trial counsel, his appellate counsel, two judges, and the assistant disciplinary counsel for the State Bar of Texas. Raines has also moved for leave to amend to name Texas Department of Criminal Justice-Correctional Institutions Division Director William Stephens and Texas Court of Criminal Appeals Clerk Abel Acosta as defendants. Raines is apparently dissatisfied with his representation in the Travis County case, and has sued the Defendants for their participation in the trial and appeal process or in resolving a separate bar grievance Raines filed against his former counsel.

## Analysis

Raines is proceeding *in forma pauperis*. Accordingly, the Magistrate Judge screened his Complaint to determine if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Court may determine Raines's Complaint must be dismissed under § 1915(e) at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The Court must construe Raines's pro se Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Raines's pro se status, however, does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

As the Magistrate Judge correctly explained, Raines cannot sue his former counsel under § 1983 because counsel are not "state actors." *See O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972) (holding § 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys); *see also Russell v. Millsap*, 781 F.2d 381, 383–84 (5th Cir. 1985) (affirming dismissal of § 1983 claims brought against retained counsel). Raines's Objections suggest he believes he received ineffective assistance of counsel at both the trial and appellate stages. Raines must raise any ineffective assistance of counsel arguments in a petition for writ of habeas corpus, not a § 1983 action. Raines's claims against Defendants Sandling and Payan are therefore dismissed as frivolous.

Raines's claims against the judges fare no better. "Judges are immune from damage claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Raines has pleaded no facts suggesting either exception to the judicial immunity doctrine applies here, and his claims against Defendants Lynch and Wisser are therefore dismissed as frivolous.

Raines's allegations against Defendant Leuty concern Raines's dissatisfaction with Leuty's resolution of Raines's state bar grievance against Defendant Payan. This claim does not implicate any federal constitutional right, and therefore may not be brought under § 1983. *See Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980) (§ 1983 claim must involve a violation of a federal constitutional right); *cf. Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (prisoners have no

constitutionally protected liberty interest in having prison grievances resolved to their satisfaction). Raines's claims against Leuty are therefore dismissed as frivolous.

In addition to these individual reasons, all of Raines's claims for money damages against the Defendants are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Fifth Circuit explained in extending *Heck* to state prisoner § 1983 suits, a prisoner whose successful § 1983 claim "would necessarily imply the invalidity of his conviction or sentence" must "show that his conviction has been 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus' in order to state a claim." *Boyd*, 31 F.3d at 283 (internal citation omitted) (quoting *Heck*, 512 U.S. at 489). Because Raines has not shown his conviction has been invalidated, he cannot maintain a § 1983 claim for money damages against any of the Defendants.

Finally, Raines's request to amend his Complaint to assert claims against Stephens and Acosta must be denied because it would be futile. Raines's motion does not state any facts regarding any claims against Stephens. With respect to Acosta, Raines only mentions receiving a letter from Acosta informing him the Texas Court of Criminal Appeals had dismissed his pro se appeal. Nothing in Raines's motion suggests any basis for any liability for either proposed defendant.

## Conclusion

The Court agrees with the Magistrate Judge: Raines's claims should be dismissed with prejudice as frivolous. The Court further WARNS Raines the continued filing of frivolous lawsuits could result in the imposition of monetary sanctions or filing bars against Raines, the forfeiture of good time credits, or a prohibition from bringing any further actions *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly,

IT IS ORDERED that Plaintiff Dalawrence Raines's Objections [#21] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#18] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Dalawrence Raines's Motion to Amend Complaint [#13] is DENIED;

IT IS FINALLY ORDERED that all claims brought by Plaintiff Dalawrence Raines in the above-styled cause are DISMISSED WITH PREJUDICE as frivolous.

SIGNED this the 26th day of June 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE